

*610 Federal Plaza*
*Central Islip, New York 11722*

April 24, 2026

Honorable Sanket J. Bulsara
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Arnulfo Rene Garcia Aguilera v. Mullin et. al*., No. 26-cv-2412 (Bulsara, J.)

Dear Judge Bulsara:

This Office represents Respondents in the above-captioned action, in which Petitioner Arnulfo Rene Garcia Aguilera ("Petitioner"), a foreign national from Honduras present in the United States without being admitted or paroled, filed a petition for a writ of habeas corpus on April 23, 2026, challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). *See* Dkt. # 1 ("Petition"). Petitioner principally seeks an order from this Court directing ICE to immediately release him from detention alleging that his detention violates his due process rights, and the Immigration and Nationality Act ("INA"), because he is subject to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b). *See id.* 19-20.

Respondents respectfully submit this letter in accordance with Your Honor's Order dated April 23, 2026, requiring Respondents to "inform the Court of Petitioner's current location, and [to] include information about any other locations where Petitioner has been held and the dates of any transfers since his initial detention," and to respond to the Petition.

**Detention Background**

Petitioner is a foreign national from Honduras, who entered the United States at an unknown date and location. Declaration of Deportation Officer Dmitry Rousseau (Decl.), ¶¶ 1, 3. On February 28, 2026, Petitioner was arrested by officers from the Nassau County Police Department ("NCPD") and charged with criminal possession of controlled substance in the seventh degree in violation of N.Y. Penal Law § 220.03. Decl. ¶ 4. Those charges are pending. *Id.*

On February 28, 2026, ICE was notified by NCPD that Petitioner was in their custody and that they believed Petitioner to be illegally present in the United States. *Id.* ¶ 5. ICE confirmed, through database checks, that Petitioner had no lawful status in the United States. *Id.* Petitioner

was arrested and detained by ICE on March 1, 2026,[1] pursuant to an I-200, Warrant for Arrest of Alien ("I-200") that was issued prior to the arrest. *Id.* ¶ 5; *id.* Exh. A. Petitioner was transported to the ICE processing facility located at 100 Carman Ave., East Meadow, New York for processing. *Id.* During processing, Petitioner was issued and served with a Notice to Appear ("NTA") charging him as inadmissible under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. *Id.* ¶ 6, *id.* Exh. B. Petitioner's initial master calendar hearing was scheduled for March 11, 2026. *See id.* Also on March 1, 2026, Petitioner was transferred to the ICE New York City Hold Room ("NYC Hold Room") located at 26 Federal Plaza, New York, New York.

On March 3, 2026, Petitioner was transferred from the NYC Hold Room to Delaney Hall Detention Facility in Newark, New Jersey. *Id.* ¶ 7. On March 9, 2026, Petitioner was transferred from Delaney Hall Detention Facility to the Metropolitan Detention Center in Brooklyn, New York, which is where he is currently detained under 8 U.S.C. § 1225(b)(2)(A). Decl. ¶ 8.

Petitioner's master calendar hearing was subsequently rescheduled by the Executive Office of Immigration Review ("EOIR") to March 13, 2026. *See id.*¶¶ 9-11. On March 13, 2026, Petitioner appeared *pro se* before the New York Immigration Court located at 201 Varick Street, New York, New York. *Id.* ¶ 12. Petitioner's hearing was rescheduled to March 27, 2026, at Petitioner's request to allow him time to obtain an attorney. *Id.* On March 27, 2026, Petitioner appeared before the Immigration Court, with counsel, and requested additional time to prepare. *Id.* ¶ 13. Petitioner's master calendar hearing was rescheduled to April 10, 2026. *Id.* On April 10, 2026, Petitioner appeared before the Immigration Court, with counsel, and requested additional time to prepare. *Id.* ¶ 14. Petitioner's master calendar hearing was rescheduled to April 24, 2026. *Id.* On April 22, 2026, Petitioner filed an application for relief from removal with EOIR. *Id.* ¶ 15.

**Discussion Regarding the Merits of the Petition**

The statutory basis for detaining Petitioner is 8 U.S.C. § 1225(b)(2)(A). The primary legal issues presented in the Petition concern whether Petitioner's detention violates his due process protections, and the statutory authority for ICE's detention of Petitioner. Petitioner principally seeks an order from this Court directing ICE to release him from detention. While reserving all rights, including the right to appeal, Respondents submit this letter in lieu of a formal responsive memorandum of law to conserve judicial and party resources, and to expedite the Court's consideration of this case, in light of this Court's decision on the principal legal issues in *Cordova Garcia v. Maldonado, Jr. et al.*, 26-cv-2102, Order entered April 13, 2026, and other matters decided by this Court, including, but not limited to, *Bonilla-Romero v. Bondi, et al.*, 26-cv-0796, Memorandum and Order entered February 13, 2026, *Parada Cruz v. Noem, et al.*, No. 26-cv-1110, Memorandum and Order entered February 27, 2026; *Magana v. Joyce, et. al*, No. 26-cv-835, Memorandum and Order entered February 13, 2026; *Sandoval v. LaRocco, et al.*, No. 26-cv-00832, Memorandum and Order entered February 13, 2026; *Rivera Orellana v. Noem, et al.*, No. 26-cv-0574, Memorandum and Order entered February 3, 2026; *Antonio Benitez v. Genalo, et al.*,

---

[1] Respondents note that the I-200 indicates that it was issued on March 1, 2025, as opposed to March 1, 2026. Respondents respectfully submit that this was merely a clerical typographical error.

No. 26-cv-1122 on February 27, 2026; *Omar Abreu v. Genalo, et al.,* No. 26-cv-1181 on March 4, 2026; *Andrade Escobar v. Mullin, et. al.*, No. 26-cv-1661 on March 20, 2026; and *Garcia Xicay v. Leeper, et al.,* No. 26-cv-1833 on March 30, 2026. Respondents acknowledge that, should the Court follow its prior precedent here, as well as the decision of the Honorable Nusrat J. Choudhury in *Rodriguez-Acurio v. Almodovar*, -- F. Supp. 3d --, No. 25-cv-6065, 2025 WL 3314420, at *23 (E.D.N.Y. Nov. 28, 2025) (Choudhury, J.), cited in the Court's April 23, 2026 Order, they cannot prevail in this action.

However, Respondents respectfully note that on February 6, 2026, the Court of Appeals for the Fifth Circuit, while not binding on this Court, held that the government's interpretation of 8 U.S.C. § 1225 was correct. *Buenrostro-Mendez v. Bondi*, 166 F. 4th 494 (5th Cir. 2026). Further, on March 25, 2026, the Eighth Circuit Court of Appeals became the second U.S. Court of Appeals to hold that the government's interpretation of 8 U.S.C. § 1225, which mandates detention of non-citizens falling under its scope, is correct. *See Joaquin Herrera Avila v. Bondi et al.*, No. 25-cv-3248, 2026 WL 819258, *4 (8th Cir. Mar. 25, 2026) ("While ultimately 'Congress's purpose matters far less than what it wrote,' the purpose here nevertheless 'confirms what the statutory text already makes clear,' which is that § 1225(b)(2)(A) mandates the detention of unadmitted aliens already present inside the United States.") (quoting *Buenrostro-Mendez,* 166 F.4th at 508). Federal Respondents further note that a number of decisions in this Circuit have endorsed the Government's interpretation of the relevant statutory provisions and have ruled in the government's favor on this issue. *See Saamishvili v. Flanagan*, 25-cv-6178, 2026 WL 377574, at *3 (E.D.N.Y. Feb. 11, 2026) (Cogan, J.), notice of appeal filed Feb. 12, 2026; *Alvarado Quezada v. Francis,* No. 26-cv-387, 2026 WL 380711, at *4 (S.D.N.Y. Feb. 11, 2026) (Cronan, J.)*; Arana v. Arteta*, 26-cv-240, 2026 WL 279786 (S.D.N.Y. Feb. 3, 2026) (Woods, J.); *Chen v. Almodovar*, 25-cv-9670, 2026 WL 100761, at *8-9 (S.D.N.Y. Jan. 14, 2026) (Cronan, J.); *Weng v. Genalo et al.*, No. 25-cv-09595, 2026 WL 184627, at *1 (S.D.N.Y. Jan. 23, 2026) (Rearden, J.); *Candido v. Bondi*, 25-cv-867, 2025 WL 3484932, at *2 (W.D.N.Y. Dec. 4, 2025) (Sinatra, J.); *Chen v. Almodovar, et al.*, No. 25-cv-8350, 2025 WL 3484855, at *7 (S.D.N.Y. Dec. 4, 2025) (Vyskocil, J.), notice of appeal filed Dec. 16, 2025; *Liang v. Almodovar*, No. 25-cv-9322, 2025 WL 3641512, at *8 (S.D.N.Y. Dec. 15, 2025) (Vyskocil, J.), notice of appeal filed Jan. 15, 2026. In addition, the Government has affirmatively appealed the grant of a habeas petition in *Cunha v. Moniz*, 25-cv-6532 (W.D.N.Y. Nov. 25, 2025) (concluding, *inter alia*, that Section 1226(a), not Section 1225(b)(2)(A), applied), *notice of appeal* filed Dec. 11, 2025, No. 25-3141 (2d Cir.). Oral argument in the *Cunha* appeal occurred on April 6, 2026 and, as of the date of this letter, no decision has been issued by the Second Circuit.

Petitioner also asserts a claim under the Fourth Amendment to the United States Constitution. *See* DE 1 at 18-19. To the extent that Petitioner's Fourth Amendment claim is construed as arising directly under the Fourth Amendment, and not under the APA, the claim fails because his civil detention was a reasonable and lawful exercise of federal immigration authority. As the Supreme Court recognized in *Abel v. United States*, 362 U.S. 217 (1960), administrative arrests for deportation have a long-standing statutory history and are distinct from arrests for criminal offenses. The Supreme Court held that that "[s]tatutes authorizing administrative arrest to achieve detention pending deportation proceedings have the sanction of time. It would emphasize the disregard for the presumptive respect the Court owes to the validity of Acts of Congress, especially when confirmed by uncontested historical legitimacy, to bring into question

for the first time such a long-sanctioned practice of government at the behest of a party who not only did not challenge the exercise of authority below, but expressly acknowledged its validity." *Abel*, 362 U.S. at 230. Petitioner's arrest by ICE was not a criminal arrest requiring a judicial warrant or probable cause of a new crime; rather, it was a civil, administrative arrest carried out pursuant to the broad authority granted by Congress to enforce the nation's immigration laws.

Moreover, the alleged conduct cited as the basis for the Fourth Amendment claim is solely attributable to officers of the NCPD who, Petitioner alleges, were not "among the limited subset of Nassau County officers specifically certified under [INA] § 287(g) [8 U.S.C. § 1357(g)] to perform federal immigration enforcement functions, and none acted under the direction or supervision of any ICE officer during the stop or arrest." DE 1, ¶ 27. As such, the actions of the NCPD officers cannot be imputed to ICE and, thus, the alleged violation of Plaintiff's Fourth Amendment rights is not relevant to this habeas action.

Accordingly, for the reasons set forth above, the government respectfully submits that there is no need for a hearing and the petition may be decided on submission.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    */s/ Thomas R. Price*
Thomas R. Price
Assistant U.S. Attorney
(718) 254-7893
thomas.price@usdoj.gov

cc:   (by ECF)
All counsel of record

4