UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ARNULFO RENE GARCIA AGUILERA,

                    Petitioner,

        v.

MARKWAYNE MULLIN, et al.,

                    Respondents.
------------------------------------------------------------------X

**ORDER**
26-CV-2412-SJB

**BULSARA, United States District Judge:**

Petitioner Arnulfo Rene Garcia Aguilera ("Petitioner"), a citizen of Honduras

who has lived in the United States since 2005, was arrested on March 1, 2026, by U.S.

Immigration and Customs Enforcement ("ICE") officers.  (Pet. for Writ of Habeas

Corpus filed Apr. 23, 2026 ("Pet."), Dkt. No. 1 ¶¶ 19, 21; Resp'ts' Letter filed Apr. 24,

2026 ("Resp'ts' Letter"), Dkt. No. 5 at 1–2).[1]  The Petition alleges, and the Government's

response confirms, that Petitioner was placed into removal proceedings after he was

issued an I-200 arrest warrant.  (Pet. ¶¶ 21, 29; Resp'ts' Letter at 2).  He has been

detained at the Metropolitan Detention Center in Brooklyn since March 9, 2026.

(Resp'ts' Letter at 2).  For the reasons explained below, the writ is provisionally granted.

---

[1] Petitioner alleges he was first arrested by Nassau County police officers on
February 28, 2026, and charged with misdemeanor possession of a controlled substance,
but early the next morning, was taken into ICE custody.  (Pet. ¶¶ 24, 26, 28–29).  The
Petition also challenges probable cause for the initial arrest by Nassau County, and
notes that he has not been arraigned or appeared before a judge in connection with that
offense, since he was transferred to ICE custody before any proceedings could take
place.  (*Id.* ¶¶ 25–26).  Respondents represent that the charge remains pending.
(Resp'ts' Letter at 1).

The Government has filed an opposition to Petitioner's writ that suggests that the sole basis for Petitioner's detention is 8 U.S.C. § 1225, (Resp'ts' Letter at 2), despite the fact that Petitioner has been in the United States since 2005, (Pet. ¶ 19). The Government's position is that someone is subject to removal and detention under Section 1225(b)(2), as someone who is seeking admission to the United States, (Resp'ts' Letter at 2 (citing 8 U.S.C. § 1225(b)(2)(A))), notwithstanding that they have been living here for months, if not years. The vast majority of courts in this District have rejected this argument. *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 490–91 (S.D.N.Y. 2025) ("[T]he line historically drawn between sections 1225 and 1226, which mak[es] sense of their text and the overall statutory scheme, is that section 1225 governs detention of non-citizens seeking admission into the country, whereas section 1226 governs detention of non-citizens already in the country. . . . This Court has similarly been unable to identify any authority to support Respondents' expansive interpretation of § 1225(b)." (quotations omitted)); *Padilla Molina v. DeLeon*, No. 25-CV-6526, 2025 WL 3718728, at *3 (E.D.N.Y. Dec. 23, 2025) ("This Court agrees with Petitioner that he is detained subject to Section 1226, not Section 1225. In so holding, the Court joins the hundreds of district court decisions that have rejected Respondents' expansive interpretation of Section 1225 as inconsistent with the plain text and overall structure of the INA.") (collecting cases); *Ulloa Montoya v. Bondi*, No. 25-CV-6363, 2025 WL 3718694, at *3 (E.D.N.Y. Dec. 23, 2025) (same); *Rodriguez-Acurio v. Almodovar*, -- F. Supp. 3d --, No. 25-CV-6065, 2025 WL 3314420, at *23 (E.D.N.Y. Nov. 28, 2025) ("[T]he administration's new position that *all* noncitizens who came into the United States illegally, but since

2

have been living in the United States, *must be detained* until their removal proceedings are completed—has been challenged in at least 362 cases in federal district courts. The challengers have prevailed, either on a preliminary or final basis, in 350 of those cases decided by over 160 different judges sitting in about fifty different courts spread across the United States." (quoting *Barco Mercado v. Francis*, -- F. Supp. 3d --, No. 25-CV-6582, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025))).

As noted, the Government's response states that ICE issued Petitioner a Notice to Appear ("NTA"), placing him into removal proceedings, after they arrested Petitioner, and after they issued and served him with an I-200 arrest warrant. (Resp'ts' Letter at 2; Decl. of Dmitry Rousseau, attached to Resp'ts' Letter, Dkt. No. 5-1 ¶ 5). The Court notes that the post-arrest issuance of an NTA may raise an independent basis for granting the writ, but does not reach the issue here. *See Gopie v. Lyons*, No. 25-CV-5229, 2025 WL 3167130, at *1 (E.D.N.Y. Nov. 13, 2025).[2]

Respondents submit that the Court can decide this matter on the submissions. (Resp'ts' Letter at 4). The Court incorporates the reasoning of judges in this District and its sister courts and grants the writ—because at its core, detention under Section 1225 violates due process guarantees and is inapplicable and inappropriate for individuals who have lived in the United States as long as Petitioner has.

The writ is provisionally granted. Respondents are directed to effectuate Petitioner's release by **April 24, 2026 at 8:00 P.M.** and file a letter on the docket

---

[2] The Court further notes that the Government does not rely on Petitioner's criminal history as a basis for detention. (Resp'ts' Letter at 1–2).

confirming Petitioner's release by that time. Respondents are enjoined from detaining Petitioner absent further direction from this Court. Respondents may not use ICE ankle monitors or similar technology to monitor Petitioner, because the Court has granted the writ, and is not resolving this petition on an intermediate basis by imposing bail conditions.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date: April 24, 2026
Central Islip, New York